IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR229 |
| v. | |
| KRISTIE TREJO, | ORDER |
| Defendant. | |

This matter is before the Court on Kristie Trejo's ("Trejo") Motion for Appointment of Counsel (Filing No. 68) to assist her with "a motion pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, for Compassionate Release/Reduction in Sentence." Trejo explains that she is worried about the spread of COVID-19 in her facility because she "suffers from severe chronic illnesses."

At this point, Trejo's motion falls short. Section 3582(c)(1)(A) authorizes Trejo to move the Court to "reduce [her] term of imprisonment" for "extraordinary and compelling reasons" after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release). While Trejo does state that "[e]fforts for relief have been made at the BOP level, however, the warden of [her] facility has failed to act," she provides no evidence or details regarding her efforts. Trejo's failure to adequately show she has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *Id.* at 597.

Even assuming that Trejo did make such a request to the BOP, she has also failed to assert a colorable claim that "extraordinary and compelling reasons" to justify a reduction in her sentence. A fear of COVID-19 is generally insufficient. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Accordingly, Trejo's Motion for Appointment of Counsel (Filing No. 68) is denied without prejudice to refiling when she can show that she complied with either statutory requirement and demonstrate "extraordinary and compelling reasons" for compassionate release.

IT IS SO ORDERED.

Dated this 25th day of March 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge