IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>KRISTIE TREJO,<br><br>      Defendant. | **8:18CR229**<br><br>**ORDER** |

  This matter is before the Court on defendant Kristie Trejo's ("Trejo") Motion for Compassionate Release (Filing No. 70), Motion for Reconsideration of the Court's Order filed on March 25, 2022 (Filing No. 72), and Motion to Supplement and Seal Records (Filing No. 78). On March 25, the Court denied without prejudice (Filing No. 69) Trejo's motion for compassionate release and request for counsel because she had not shown that she complied with either statutory requirement under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The Court also decided she had not asserted a colorable claim to warrant a reduction in her sentence. The Court instructed Trejo she could refile after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." *See* 18 U.S.C. § 3582(c)(1)(A).

  The Court instructed the Clerk of Court to send its March 25 order to Trejo at her address of record, but it was returned as undeliverable on April 12. In the interim, Trejo filed another motion for compassionate release, which the Court received on April 1. Because Trejo had not yet received the Court's earlier decision, the Court construes that filing as a supplement to her initial motion. On April 25, the Court received Trejo's motion

for reconsideration[1] of the Court's March 25 order. Shortly thereafter, the Court also received her motion to supplement and seal medical records. In ruling on her motion to reconsider, the Court has considered the information and argument contained in her supplemental filings because they all relate to her initial request for compassionate release.

In her supplemental briefing, Trejo attached her request to the warden of her facility for compassionate release and states she "filed her request with the warden in December 2021," and it was "denied on or about December 28, 2021." The Court is satisfied that Trejo qualifies for judicial review. The Court now turns to whether Trejo has demonstrated extraordinary and compelling reasons for release.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The

---

[1] On April 25, 2022, the Court also received Trejo's Notice of Appeal (Filing No. 76). The Eighth Circuit notified Trejo that "[a] notice of appeal filed after entry of judgment but before disposition of the post-judgment motion is ineffective until the entry of the order disposing of the last outstanding motion." *See* Fed. R. App. P. 4(a); *see also United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995) ("[W]hen a notice of appeal is filed before the trial court rules on a pending tolling motion, the notice of appeal lies dormant until the trial court disposes of the pending motion.").

first application note to § 1B1.13[2] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3.

Trejo does not present extraordinary and compelling reasons to merit granting her request for a sentence reduction. Trejo discusses, and provides records of, many medical conditions she argues may place her at a greater risk of serious illness should she contract COVID-19, such as asthma, obesity, and mental-health issues. She does not, however, explain why those conditions cannot be managed through BOP care. Indeed, Trejo states she currently has access to and uses her inhaler several times per day to control her asthma and is prescribed medications to support her mental health. Accordingly, the Court will not grant compassionate release based on Trejo's medical conditions.

Trejo also argues she should receive a sentence reduction based upon the § 3553(a) factors. She states she "has accumulated an excelled institutional record." Trejo has done well in prison, noting she has completed a drug-education course and an anger-management class. She has also held multiple jobs while incarcerated. Although Trejo's efforts are commendable, they do not warrant her release. *See United States v. Saldana*, 807 Fed. Appx. 816, 819 (10th Cir. 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). In addition, Trejo has only served roughly half of her 78-month sentence. Early release may undermine the goals of sentencing, including the need to reflect the seriousness of the

---

[2]This policy statement predates the First Step Act and does not govern the Court's review of Trejo's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce her sentence. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

offense, promote respect for the law, and afford adequate deterrence. The Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release.

In light of the foregoing,

IT IS ORDERED:
1. Kristie Trejo's Motion for Compassionate Release (Filing No. 70) is denied.
2. Trejo's Motion for Reconsideration of the Court's March 25, 2022, Order (Filing No. 72) is denied.
3. Trejo's Motion to Seal Medical Records (Filing No. 78) is granted.
4. Trejo's Notice of Appeal (Filing No. 76) is no longer dormant, and the Clerk of the Court is notified that Trejo's appeal should now proceed.

Dated this 26th day of July 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge